FILED
JOHN P. HEHMAN
CLERK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO** 2012 DEC 10 PM 3: 03

| | | | |
|---|---|---|---|
| MALABAR BAY, LLC | ) | CASE NO. | 1:12 CV 950 |
| | ) | | SOUTHERN DIV |
| Plaintiff, | ) | | WEST DIV CINCINNATI |
| Vs. | ) | JUDGE: | |
| | ) | | **J. DLOTT** |
| BALLARD DESIGNS, INC. | ) | | |
| | ) | | |
| Defendant, | ) | | |
| | ) | | |

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, Malabar Bay d/b/a Jaye's ("Malabar Bay"), and states for its Complaint against Defendant Ballard Designs, Inc. ("Ballard Designs" or "Defendant") as follows:

### NATURE OF ACTION

1.      This is a complaint for trade dress infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.,* as amended (the "Lanham Act"), and for, *inter alia,* trade dress infringement, deceptive trade practices, open account, and breach of contract under the laws of the State of Ohio and common law.

### PARTIES

2.      Malabar Bay is a Connecticut limited liability company with its principal place of business in Connecticut.

3.      Upon information and belief, Ballard Designs is a Georgia corporation authorized to do and doing business in Ohio and can be served through its registered agent, CSC-Lawyers Incorporating Service (Corporation Service Company) at 50 W. Broad Street, Suite 1800, Columbus, OH 43215.

1

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that Defendant is subject to personal jurisdiction in this judicial district, and this is a judicial district in which a substantial part of the events or omissions giving rise to the claims hereinafter set forth occurred.  Furthermore, venue is proper in this district pursuant to Defendant's express agreement concerning same.  [Ballard Vendor Agreement, p. 6, attached hereto as Exhibit A.]

## FACTS RELEVANT TO ALL COUNTS

6.      Malabar Bay and Ballard Designs have a longstanding business relationship. For over ten years, Ballard Designs has purchased goods on a wholesale basis from Malabar Bay and/or its predecessor, Jaye's Creations.  Until December 2011, it was a mutually beneficial and agreeable relationship.

7.      In or around 2004, Jaye's Creations designed and began manufacturing distinctive gift box-shaped stocking holders.  Following the sale of Jaye's Creations assets to Malabar Bay, Malabar Bay has continued the production of same.

2

8.    The following is a representation of Malabar Bay's distinctive stocking holders:



9.    Through longstanding use, promotion, and sales of the distinctive stocking holders, the stocking holders have become a top seller for Malabar Bay. Consumers, potential consumers and members of the public and the relevant industry not only associate the distinctive stocking holders with exceptional materials, style, and workmanship, but also recognize that the stocking holders originate exclusively with Malabar Bay.

**DEFENDANT'S ACTS**

10.    Until December, 2011, Malabar Bay has sold its distinctive stocking holders to Ballard Design for re-sale to the public.

3

11. In April of 2011, Ballard Designs placed two orders for these stocking holders from Malabar Bay, Order #100106247 for 2,256 pieces and Order #100106255 for 2,256 pieces.

12. All of the items for Order #100106247 were timely delivered to Ballard Designs' warehouse on or before December 16, 2011.

13. Due to a delay in production, however, Malabar Bay was unable to timely fulfill the entirety of Order #100106255. As a result, Malabar Bay attempted to cancel this order with Ballard Designs. However, on December 7, 2011, Angela Atkinson, a buyer for Ballard Designs, informed Malabar Bay by email that Ballard Designs was oversold on the stocking holders by 993 pieces and inquired whether Malabar Bay had any extra stock of the stocking holders. It turned out that Malabar Bay did not have any extra stock, but Ballard Designs still wanted the original order fulfilled even if the stocking holders arrived after Christmas because they were oversold.

14. Consequently, as to Order #100106255, 2,243 total pieces were delivered. Of those, 1,801 pieces were timely delivered to Ballard Designs. With Ballard Designs' approval, the remaining 442 pieces were delivered to Ballard Designs shortly after Christmas.

15. With respect to the 442 pieces delivered shortly after Christmas, Mr. Shrikam had e-mailed Ms. Atkinson on December 9, 2011 requesting Ballard Designs' approval to ship these stocking holders by air from India to Malabar Bay's Connecticut facility, even though the products were not estimated to arrive into Malabar Bay's facility until at least December 26th. Ms. Atkinson responded the same day that "[s]ending them

4

air shipment is fine". Ten minutes later, Mr. Shrikam responded as follows, "Thanks a bunch the ETA in CT is the 26th and that should be on or close to the date."

16. Once products arrive into Malabar Bay's Connecticut facility, it is Ballard Designs' responsibility to schedule a truck to pick up the products and pay for the shipping of same. Malabar Bay had the shipments ready to be picked up by December 28, 2011. Moreover, Malabar Bay even had an employee come in on his day off to accommodate Ballard Designs' trucking company's schedule. However, the trucking company did not arrive to pick up the shipment until the following week.

17. Due to delays by Ballard Designs' chosen trucking company, the 442 stocking holders were not delivered to Ballard Designs until January 9, 2012. During this time, Malabar Bay was in constant contact with Ballard Designs about the trucking company's continual failure to show up on the scheduled pick-up dates. Accordingly, Malabar Bay bears no responsibility for Ballard Design's trucking company's failure to pick up its shipments on time.

18. Although only 442 stocking holders were not delivered to Ballard Designs in time to be shipped out for Christmas, Ballard Designs subsequently shipped *992* stocking holders to its customers at no charge.

19. Despite Ballard Designs' approval of the post-Christmas shipping date and its acceptance of the goods, Ballard Designs issued a chargeback to Malabar Bay in the amount of $13,858.24, which represented the cost of all 992 pieces that Ballard Designs' chose to give away for free to its customers, plus half of the shipping charges with respect to same.

5

20.     Although Ballard Designs claims that it had to give the stocking holders away for free to prevent losing customers, it never expressed any concern to Malabar Bay about the December 26th shipping date, chose not to cancel its order for the products that were scheduled to arrive post-Christmas, failed to reject the shipment of stocking holders as untimely, failed to inform Malabar Bay that it intended to give the stocking holders away for free, refused to return the  products to Malabar Bay, and failed to inform Malabar Bay of Ballard Designs' scheme to hold Malabar Bay accountable for what was ultimately Ballard Designs' customer relations decision.

21.     In spite of repeated amicable demands, Ballard Designs refuses to pay Malabar Bay for the 992 stocking holders that Ballard Designs gave away to its customers without Malabar Bay's consent or approval.

22.     Moreover, although Malabar Bay is no longer supplying the stocking holders to Ballard Designs, Ballard Designs continues to advertise Malabar Bay's distinctive stocking holders by featuring them in their catalogs and online.  In fact, the November 2012 catalog prominently features Malabar Bay's designs on its back cover. [Excerpts from October and November, 2012 catalogs, attached hereto as Exhibit B.]


23.     Ballard Designs also advertises the stocking holders for sale on their website located at www.ballarddesigns.com and uses a photograph of the stocking holders in connection the advertisement of other goods on its website. [Screenshot of Ballard Designs' website, attached hereto as Exhibit C.]

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

24.      Malabar Bay incorporates herein by reference each and every allegation set forth above.

25.      Malabar Bay and Defendant entered into a valid and binding contract whereby Defendant agreed to pay for the stocking holders provided by Malabar Bay to Defendant.

26.      Malabar Bay has performed all of its obligations according to the terms of the contract and all conditions precedent to Malabar Bay's recovery of the foregoing outstanding amount have occurred.

27.      Defendant has breached the Agreement by failing to pay for the stocking holders.

28.      Defendant's breach of its obligation under the contract has caused Malabar Bay to be injured in the amount of Thirteen Thousand Eight Hundred Fifty-Eight Dollars and Twenty-Four Cents ($13,858.24), plus interest.

29.      Malabar Bay is entitled to recover from Defendant the sum of Thirteen Thousand Eight Hundred Fifty-Eight Dollars and Twenty-Four Cents ($13,858.24), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

## SECOND CLAIM FOR RELIEF

### (Account)

30.      Malabar Bay incorporates herein by reference each and every allegation set forth above.

31.     Defendant owes Malabar Bay the sum of Thirteen Thousand Eight Hundred Fifty-Eight Dollars and Twenty-Four Cents ($13,858.24) from December, 2011, on an open account, for the products provided to Defendant at its request.

32.     Malabar Bay is entitled to recover from Defendant the sum of Thirteen Thousand Eight Hundred Fifty-Eight Dollars and Twenty-Four Cents ($13,858.24), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF

#### (Quantum Meruit)

33.     Malabar Bay incorporates herein by reference each and every allegation set forth above.

34.     Malabar Bay shipped to Ballard Desi gns 992 stocking holders, which Ballard Designs accepted.

35.     Ballard Designs refuses to pay Malabar Bay for those 992 items, despite its acceptance of them.

36.     The stocking holders and one half shipping cost are reasonably worth the sum of Thirteen Thousand Eight Hundred Fifty-Eight Dollars and Twenty-Four Cents ($13,858.24), and this sum is due and payable.

37.     Defendant's receipt of the stocking holders without paying for them is unjust.

38.     Malabar Bay is entitled to recover from Defendant the sum of Thirteen Thousand Eight Hundred Fifty-Eight Dollars and Twenty-Four Cents ($13,858.24), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF

### (Ohio Deceptive Trade Practices Act)

39.     Malabar Bay incorporates herein by reference each and every allegation set forth above.

40.     By: a) advertising to consumers that Defendant had quantities of goods that they did not in fact have, b) advertising goods or services with intent not to sell them as advertised, c) passing off Malabar Bay's goods as its own, d) advertising goods with intent not to supply reasonably expectable public demand, and e) deceiving Malabar Bay into providing its products to Ballard Designs despite Ballard Designs plan not to pay for the products, Defendant has engaged in false and/or deceptive trade practices for which Defendant should be held liable to Malabar Bay for compensatory and punitive damages, together with attorney fees and costs associated with this litigation.

## FIFTH CLAIM FOR RELIEF

### (Federal False Advertising / Unfair Competition)

41.     Malabar Bay incorporates herein by reference each and every allegation set forth above.

42.     By: a) advertising to consumers that Defendant had quantities of goods that they did not in fact have, b) advertising goods or services with intent not to sell them as advertised, c) passing off Malabar Bay's goods as its own, and d) advertising good with intent not to supply reasonably expectable public demand, Defendant has engaged in false advertising and/or unfair competition pursuant to §43(a) of the Lanham Act for which Defendant should be held liable to Malabar Bay for compensatory and other damages, including, but not limited to, Malabar Bay's damages, costs and expenses for

9

corrective advertising, and treble damages, together with attorney fees and costs associated with this litigation.

## SIXTH CLAIM FOR RELIEF

### (Federal Trade Dress Infringement)

43.     Malabar Bay incorporates herein by reference each and every allegation set forth above.

44.     Malabar Bay's stocking holders constitute protectable trade dress under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

45.     By copying and displaying Malabar Bay's trade dress in its print and online advertisements without Malabar Bay's consent, Defendant has committed trade dress infringement and should be held liable to Malabar Bay for compensatory and other damages, including, but not limited to, attorney fees and costs associated with this litigation.

## SEVENTH CLAIM FOR RELIEF

### (Trade Dress Infringement Under Ohio Law)

46.     Malabar Bay incorporates herein by reference each and every allegation set forth above.

47.     Malabar Bay's stocking holders constitute protectable trade dress under Ohio law.

48.     By copying and displaying Malabar Bay's trade dress in its print and online advertisements without Malabar Bay's consent, Defendant has committed trade dress infringement and should be held liable to Malabar Bay for compensatory and other

damages, including, but not limited to, attorney fees and costs associated with this litigation.

**EIGHTH CLAIM FOR RELIEF**

**(Injunctive Relief)**

49.     Malabar Bay incorporates herein by reference each and every allegation set forth above.

50.     Malabar Bay respectfully requests that this Court 1) order Defendant to engage in corrective advertising informing its customers that the stocking holders are no longer available due to Defendant's refusal to pay for these items, and 2) preventing further dissemination of Malabar Bay's products in Ballard Designs' catalogs, website(s), and other advertisements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Malabar Bay respectfully requests that this Court find that it is entitled to certain amounts, including compensatory damages, plaintiff's profits, corrective advertising costs and expenses, treble damages, and punitive damages, in an amount to be proven at trial, plus court costs, reasonable attorneys' fees and all such other further relief that this Honorable Court deems just and proper. Malabar Bay further respectfully request that this Honorable Court grant the injunctive relief sought in Plaintiff's Eighth Claim for Relief and incorporated by reference herein.

Plaintiffs demand trial by jury on all claims and issues.

RONALD L. BURDGE #0015609
Attorney for Plaintiff
2299 Miamisburg Centerville Rd.
Datyon OH 45459
Telephone: 937.432.9500
Email: Ron@BurdgeLaw.com

11